IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMES DAVIS,

    Plaintiff,

v.                          CASE NO. 4:12cv153-RH/CAS

LENDMARK FINANCIAL SERVICES,
et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 8, and the objections, ECF No. 9. I have reviewed *de novo* the issues raised by the objections. The recommendation is for dismissal of the amended complaint on the court's own motion.

A plaintiff may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion in circumstances like these. *See*, *e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *see also Jefferson Fourteenth Associates v. Wometco de Puerto*

Case No. 4:12cv153-RH/CAS

*Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983).  Here the report and recommendation gave the plaintiff adequate notice, and he had an opportunity to respond by filing objections.

The report and recommendation correctly concludes that the amended complaint is deficient.  The plaintiff apparently attempts to assert claims only under 42 U.S.C. § 1983, but he has alleged no facts showing that he is entitled to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (setting out the standards governing dismissal of a complaint for failure to state a claim on which relief can be granted); *Erickson v. Pardus*, 551 U.S. 89 (2007) (same); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (same).

This order affords the plaintiff one further opportunity to amend.  If the plaintiff chooses to file a second amended complaint, it must include a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and should allege any asserted fraud "with particularity," Fed. R. Civ. P. 9(b).  Copying lengthy materials from other sources unrelated to this case serves no purpose.

One other point deserves mention.  Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).  The complaint seems to allege that the two individual defendants reside in Florida, albeit in the Southern District.

The corporate defendant, Landmark Financial Services, Inc., may reside in this district, as well as others.  *See* 28 U.S.C. § 1391(c)(2) (making a corporate defendant a resident, for venue purposes, of any district in which it is subject to personal jurisdiction with respect to the claim at issue).  But even if venue is proper here, if the events at issue occurred in the Southern District of Florida, transfer to that district may be appropriate under 28 U.S.C. § 1404(a).  If the plaintiff tenders a second amended complaint that states a claim on which relief can be granted, the case may be transferred to the Southern District without further notice, unless the second amended complaint alleges facts connecting the case to this district.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The amended complaint is dismissed.  The plaintiff is granted leave to file a second amended complaint by July 12, 2012.

SO ORDERED on June 21, 2012.

s/Robert L. Hinkle<br>United States District Judge